IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr189

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| | ) | |
| JEFF STEWART | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon motion of the defendant to dismiss the indictment based on an alleged violation of Fed. R. Crim. P. 5. (Doc. No. 45).

The defendant claims that over a twenty-two day period, he was transported from San Quentin Correctional facility in California to various locations en route to this district, without first appearing before a magistrate judge. The defendant does not claim that the government obtained additional evidence, such as a confession, as a result of the delay between entering federal custody and appearing before a magistrate. Without citation to any legal authority, the defendant asserts that the indictment should be dismissed as a remedy for this alleged "kidnapping." (Doc. No. 45: Motion at 6).

The Court finds, however, that the defendant has failed to establish any prejudice, even assuming his allegations are true. The law in the Fourth Circuit is clearly established that "[w]here the alleged delay does not result in unwarranted interrogation, no prejudice results, and any violation of Rule 5(a) does not require dismissal of the indictment." United States v. Lawson, 153 Fed. Appx. 209, 211 (4th Cir. Nov. 9, 2005)(unpublished)( citing United States v. Neiswender, 590 F.2d 1269, 1271-72 (4th Cir.1979); Tarkington v. United States, 194 F.2d 63, 67-68 (4th Cir.1952)). Based on the record in this case, the Court declines to exercise its supervisory power to dismiss the indictment.

**IT IS THEREFORE ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: March 29, 2007

Robert J. Conrad, Jr.
Chief United States District Judge