UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 03:06CR189-C |
| | ) | |
| vs. | ) | **SECOND SUPERSEDING** |
| | ) | **BILL OF INDICTMENT** |
| | ) | |
| (1) JESSYE WAYNE POWELL | ) | |
| (2) JEFF STEWART | ) | |
|    a/k/a "SCAT" | ) | Violations: |
| (3) SCHALET JACKSON | ) |   21 U.S.C. § 846 |
| | ) |   21 U.S.C. § 841(a)(1) |
| | ) |   18 U.S.C. § 1956(h) |
| | ) |   18 U.S.C. § 1343 |
| | ) |   18 U.S.C. § 1014 |
| | ) | |

THE GRAND JURY CHARGES:

### COUNT ONE
(Drug Conspiracy)

Beginning in or about April 1998, the exact date being unknown to the Grand Jury, and continuing to on or about the present time, in Mecklenburg, County, within the Western District of North Carolina, and elsewhere, defendants,

**(1) JESSYE WAYNE POWELL,**
**(2) JEFF STEWART, and**
**(3) SCHALET JACKSON,**

did knowingly and intentionally combine, conspire, confederate and agree with each other and others, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute, a mixture and substance containing a detectable amount of cocaine, and marijuana, a Schedule I controlled substances, violations of Title 21, United States Code, Section 841(a)(1).

Said offense involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine.

Said offense involved a mixture and substance containing a detectable amount of marijuana.

All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A) and

(b)(1)(D).

## COUNT TWO
(Possession with Intent)

On or about April 15, 2004, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, defendant,

**(1) JESSYE WAYNE POWELL,**

did knowingly possess, and attempt to possess, with intent to distribute a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, and did aid and abet other persons known and unknown to the Grand Jury.

Said offense involved 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1), 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THREE
(Money Laundering)

Beginning in or about April 1998, the exact date being unknown to the Grand Jury, and continuing to on or about the present time, , in Mecklenburg County, in the Western District of North Carolina, and elsewhere, the defendants,

JESSYE WAYNE POWELL, and
SCHALET JACKSON

did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Sections 1956 and 1957, to wit,

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, receiving, concealment, buying, selling and otherwise dealing in controlled substances, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

(b) to knowingly engage and attempt to engage, in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived

property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of Title 18, United States Code, Section 1957(a).

All in violation of Title 18, United States Code, Sections 1956(h).

## COUNT FOUR
(Wire Fraud)

On or about September 17, 2002, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

**JESSYE WAYNE POWELL,**

aided and abetted by persons known and unknown to the Grand Jury, having devised a scheme and artifice to defraud residential loan lenders and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises from residential loan lenders as described below, did transmit or cause to be transmitted the proceeds of fraudulently obtained residential mortgage loans from Superior Home Mortgage Corporation's bank accounts outside the State of North Carolina, by mean of interstate wire transmissions, the trust accounts of closing attorneys in Charlotte, North Carolina.

The defendant devised a scheme through which he would provide false information on loan applications with respect to his source of income, among other things, in order to obtain home residential loans. The defendant made false representations about the amount and source of his income, among other falsehoods, in order to conceal the fact that a major source of his income was derived from illegal drug trafficking. In furtherance of this scheme or artifice to defraud and to obtain loan proceeds through false and fraudulent representations, **JESSYE WAYNE POWELL** committed the following acts in Mecklenburg County, within the Western District of North Carolina, and elsewhere:

1. The defendant, **JESSYE WAYNE POWELL,** caused a mortgage loan application for the purchase of 500 Gray Drive, Charlotte NC, to be filled out with materially false information, to wit:

    a. that his gross monthly income from employment with J Pow Trucking was $5,250.00;

    b. that he had been employed with J Pow Trucking for eight (8) years; and

    c. he had lived at his prior address of 701 Blue Rock Drive, Charlotte, NC, for fourteen (14) years.

2. The defendant thereafter signed the loan application for the purchase of 500 Gray Drive, Charlotte NC knowing that it contained false information as described herein.

All in violation Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE
(False Statements to Insured Institution)

In or about April 26, 2004, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### JESSYE WAYNE POWELL,

knowingly made a material false statement and report for the purpose of influencing the action of Fidelity and Trust Mortgage , a federally insured bank, in connection with an application, purchase, purchase agreement and loan, in that defendant stated:

1. His gross monthly income from employment with J Pow Trucking was $6,500, when in truth and fact, as the defendant well knew, he did not earn that money from his employment with J Pow Trucking.

2. He had been employed with J Pow Trucking for ten (10) years, when in truth and fact, as the defendant well knew, he had only been employed with J Pow Trucking for four (4) years.

In violation of Title 18, United States Code, Section 1014.

## COUNT SIX
(False Statements to Insured Institution)

In or about January 31, 2006, in Mecklenburg County, within the Western District of North Carolina, and elsewhere, the defendant,

### JESSYE WAYNE POWELL,

knowingly made a material false statement and report for the purpose of influencing the action of Country Wide Home Loans , a federally insured bank, in connection with an application, purchase, purchase agreement and loan, in that defendant stated:

1. His gross monthly income from employment with Powell's Trucking Company was $9,167, when in truth and fact, as the defendant well knew, he did not earn that money from his employment with J Pow Trucking.

2. He had been employed with Powell's Trucking Company for fourteen (14) years, when in truth and fact, as the defendant well knew, he had only been employed with J Pow Trucking for six (6) years.

In violation of Title 18, United States Code, Section 1014.

## NOTICE OF FORFEITURE

Notice is hereby given of the provisions of 21 U.S.C. §853. The defendants, **JESSYE WAYNE POWELL, JEFF STEWART, and SCHALET JACKSON** and have or had a possessory or legal interest in the following property that is subject to forfeiture in accordance with §853:

(a) all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as a result of the violations alleged in this bill of indictment;

1. Including but is not limited to approximately $200,000 invested with R. Casteel & Company.

(b) all property used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations, including but not ; and,

(c) in the event that any property described in (a) cannot be located or recovered or has been substantially diminished in value or has been commingled with other property which cannot be divided without difficulty, all other property of the defendants, to the extent of the value of the property described in (a).

The grand jury finds probable cause to believe that the following property is subject to forfeiture on one or more of the grounds stated above:

1. All currency and monetary instruments which were received during, involved in or used or intended to be used to facilitate the crimes alleged in this bill of indictment.

2. A house and parcel of real property located at 500 Gray Street, Charlotte, North Carolina.

3. A house and parcel of property located at 927 Woodington Lane, Charlotte, North Carolina.

4. A house and parcel of property located at 9039 Reading Cove, Cordova, Tennessee.

5. A house and parcel of property located at 1408 Nature Place, Charlotte, North arolina.

A TRUE BILL:

GRETCHEN C. F. SHAPPERT
UNITED STATES ATTORNEY

KEVIN ZOLOT
ASSISTANT UNITED STATES ATTORNEY